UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.  4:20 MJ 8008-1 SRW |
| ANTHONY J. NAYLOR, | ) ) ) |
| Defendant. | ) ) |

## MOTION FOR PRETRIAL DETENTION AND HEARING

Comes now the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Jeannette S. Graviss, Assistant United States Attorney for said District, and moves this Court to order the defendant detained pending further judicial proceedings, and further requests that a detention hearing be held three days from the date of the defendant's initial appearance before the United States Magistrate Judge pursuant to Title 18, United States Code, Section 3141, et. seq.

As for its grounds for detention, the government requests this Court to consider the following factors pursuant to Title 18, United States Code, Section 3142.

### Grounds for Detention

1.     The defendant is charged in Count I with being a felon in possession of a firearm in violation of Title 18, United States Code, Section 922(g), an offense involving a firearm. As such, the government requests this court to hold a hearing pursuant to Title 18, United States Code, Section 3142(f)(1)(E) to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of any other person and the community.

## The Nature and Circumstances of the Offense

2. Title 18, United States Code, Section 3142(g)(1) requires this Court to consider the nature and characteristics of the offense charged, including whether the offense involves a firearm. Because the offense involves a firearm, the first of the § 3142(g) factors weighs in favor of detention.

## The Weight of the Evidence Against the Defendant

3. Section 3142(g)(2) requires this Court to consider the weight of the evidence against the defendant. The government submits that the evidence against the defendant is strong.

4. The defendant was observed operating a stolen vehicle at a high rate of speed through a crowded intersection. The vehicle had been reportedly used in a homicide and shooting that had occurred just moments before. After the defendant crashed the vehicle, detectives observed him get out of the driver's seat and try to flee. Three loaded firearms were located inside the vehicle, including a handgun that was on the driver's seat floorboard.

5. Because the weight of the evidence against the defendant is strong, the second of the § 3142(g) factors weighs heavily in favor of detention.

## The History and Characteristics of the Defendant

6. Section 3142(g)(3)(A) requires this Court to consider the history and characteristics of the person, including the person's character, physical and mental condition, employment, financial resources, length or residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings.

7. While the defendant appears to have lived in the community for his entire life, his ties to the community do not appear to be strong. The defendant was placed on probation in

2

February, 2020, and listed an address on Highland Avenue. The defendant has failed to report to his probation officer and when she sent mail to the address on Highland, it was returned to her with a note that he no longer lived there. Furthermore, there is currently a warrant out for the defendant's arrest in Cause Number 4:19CR00431 RWS (NCC). Agents have been to the address on three separate occasions in an attempt to locate the defendant to no avail.

8. On June 1, 2018, a Complaint was filed in Cause Number 1822-CR01909 in the Circuit Court for the City of St. Louis, Missouri. The probable cause statement made under penalty of perjury by a St. Louis Metropolitan Police Department stated that on June 30, 2017, the defendant held a gun to L.S.'s head, a passenger in a 2013 Hyundai Elantra. Another individual pointed a firearm at the driver of the car. Four days later, the defendant was found driving the 2013 Hyundai Elantra at a high rate of speed. When officers located the vehicle, they discovered two firearms inside, both loaded with high capacity magazines. The defendant admitted the firearms belonged to him.

12. On May 2, 2019, the defendant pled guilty to tampering 1st degree in St. Louis County, Missouri in Cause Number 17SL-CR05271 for driving the stolen 2013 Hyundai Elantra on July 3, 2017. The imposition of sentence was suspended and the defendant was placed on probation for a term of three years.

13. On May 12, 2019, just days after being placed on probation, and while out on bond for robbery 1st degree and armed criminal action; detectives with the St. Louis Metropolitan Police Department observed the defendant engage in a hand-to-hand transaction in the 1400 block of Hamilton in the City of St. Louis. When the detectives attempted to stop the defendant, he ran. While running away, the defendant discarded a baggie containing cocaine base and a satchel that contained methamphetamine and a firearm loaded with a high capacity magazine. The firearm

was examined, test fired, and determined to be a match to shell casings recovered from the scene of a homicide on October 29, 2018; and to shell casings recovered from shooting incidents on October 28, December 17, and December 21, 2018.

14. On February 28, 2020, the defendant pled guilty to stealing from a person arising out of the incident during which he pointed a gun at L.S.'s head and stole the Hyundai. The defendant was sentenced to seven years in prison, however, the execution of sentence was suspended. The defendant was placed on probation for a term of three years and ordered to have no contact with the victim or his co-defendant, not to possess a weapon, to maintain full-time employment, and to complete the police partnership program. The defendant has failed to report to his probation officer, has not resided at the address he gave to probation, has not maintained employment, has not completed the police partnership program, and has been in possession of several firearms.

15. The defendant's prior criminal history, past conduct, history related to drugs, his failure to comply with conditions of court supervision, and his history of resisting arrest weigh heavily in favor of detention. The defendant's conduct demonstrates that the defendant is a significant danger to the community and a flight risk.

### The Nature and Seriousness of the Danger to the Community

16. The defendant has a history of being in possession of firearms with extended capacity magazines. At least one of the firearms the defendant possessed had been used in a homicide and multiple shootings.

17. The defendant has pled guilty to an offense that involved him pointing a firearm and another person's head and stealing a motor vehicle. In fact, when recovered, the vehicle had two firearms inside and the defendant admitted the firearms belonged to him.

4

18. The defendant has a history of driving at a high rate of speed and violating traffic laws in order to evade the capture of law enforcement. On September 9, 2020, the defendant caused a serious accident as a result of his extremely dangerous conduct. He was injured and a passenger in the car, co-defendant James Bibby was seriously injured.

19. The defendant was driving a car that was observed fleeing a shooting during which three people were shot, one of the victims died. There were three firearms found in the car that the defendant had been driving.

20. The defendant also has a history of committing offenses while on court supervision, therefore, there is no reason to believe that any combination of conditions would ensure the safety of the community.

21. The safety of the community would be at risk were the defendant to be released on bond. *See* 18 U.S.C. § 3142(g)(4).

### Risk of Flight

22. There is a serious risk that the defendant will flee. The defendant has resisted arrest by fleeing on multiple occasions.

23. The defendant has a history of failing to comply with conditions of supervision, including failing to report to his probation officer.

24. After being transported to the hospital on September 9, 2020, the defendant told a nurse that he intended to run and repeatedly asked the detectives to loosen the handcuffs.

### Conclusion

22. The government submits that when considering all of the factors outlined in Title 18, United States Code, § 3142(g), the factors weigh heavily in favor of detention. There is clear and convincing evidence that no condition or combination of conditions that will reasonably assure

5

the safety of any other person and the community. Furthermore, there is a preponderance of evidence that the defendant is a flight risk.

>Respectfully submitted,
>JEFFREY B. JENSEN
>United States Attorney
>
>*/s/ Jeannette S. Graviss*
>JEANNETTE S. GRAVISS #44483MO
>Assistant United States Attorney